PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE __EASTERN__ DISTRICT OF TEXAS
### __TYLER__ DIVISION

Paul La'Mark Little #1769422
Plaintiff's Name and ID Number

French Robertson Unit
Place of Confinement

CASE NO. 6:22cv 230 JCB/JDL
(Clerk will assign the number)

v.

Christopher A. Holman - Beto Unit
Defendant's Name and Address

Nicole J. Hannah - Beto Unit
Defendant's Name and Address

Jennifer S. Cozby - Robertson Unit

Jessica Riley - Huntsville Office
Defendant's Name and Address
( DO NOT USE "ET AL.")

Crystal A. Reyes - Robertson Unit

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1.  Approximate date of filing lawsuit: 3/11/22 - Petition for Writ of Habeas Corpus

       2.  Parties to previous lawsuit:

          Plaintiff(s) Paul La'Mark Little

          Defendant(s) Bobby Lumkin - TDCJ-CID Director

       3.  Court: (If federal, name the district; if state, name the county.) Northern District of Texas, Abilene Division

       4.  Cause number: 1:22-CV-00022

       5.  Name of judge to whom case was assigned: Sam R. Cummings

       6.  Disposition: (Was the case dismissed, appealed, still pending?) Still Pending

       7.  Approximate date of disposition: N/A

II.     PLACE OF PRESENT CONFINEMENT: Robertson Unit

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: Paul La'Mark Little   Robertson Unit, 12071 FM 3522, Abilene, TX 79061

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Christopher A. Holman - Captain - George Beto Unit, 1391 FM 3328, Tennessee Colony, TX 75880

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Mr. Holman conducted a hearing without Little being notified of the charges.

Defendant #2: Nicole J. Hannah - Counsel Substitute - George Beto Unit, 1391 FM 3328, Tennessee Colony, TX 75880

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Ms. Hannah only notified Little of 2 case(s), she altered the third case and never notified Little.

Defendant #3: Crystal A. Reyes - Unit Grievance Investigator - French Robertson Unit, 12071 FM 3522, Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Ms. Reyes altered documents to extend the investigation and rewrite a new case to avoid litigation.

Defendant #4: Jennifer S. Cozby - Head Warden - French Robertson Unit, 12071 FM 3522, Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Ms. Cozby altered a false IOC extension to rewrite a case after the dead line to avoid litigation.

Defendant #5: Jessica Riley - Huntsville Grievance Investigator - Huntsville Office, 1060 Hwy. 190 E. Huntsville, Texas 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Ms. Riley is very familiar with the process, and is well knowledgeable of Ms. Cozby and Ms. Reyes effort to alter documents to avoid litigation.

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

9  Sub. Counsel: Ms. Hannah of Beto Unit had notified Little of two disciplinary case(s):
8  6-22-21 Case# 20210207585 and 6-23-21 2nd Case# 20210207585. On 6-25-21 while attending
7  the hearings Little had learnt of a third Case# 20210210124, Little had not been
6  Procedurally notified of the third Case. Hearing examiner: Capt. Holman of Beto Unit
5  had ignored Little's rights. However, Case# 20210210124 had been overturned 31 days
4  after the deadline. Little has Convincing proof warden Cozby of Robertson Unit and
3  Robertson Unit UGI: Ms. Hayes Conspired through multiple offered extension date(s) to
2  Prolong the Investigation after the deadline to exceed avoid litigation. Huntsville Grievance
1  Officer: Ms. Riley reviewed this entire matter and is well knowledgeable of the Manipulation.

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Little seeks Nominal damages and Punitive damages against the defendent(s) for their Mischievous act(s) upon Little's rights and to Prevent mischievous act(s) like these in the future.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

N/A

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

1169422

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  _____YES  ✓ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division):  N/A

2.  Case number:  N/A

3.  Approximate date sanctions were imposed:  N/A

4.  Have the sanctions been lifted or otherwise satisfied?  _____YES _____NO

4

C.  Has any court ever warned or notified you that sanctions could be imposed? _____YES ✓ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division): ___N/A___

    2.  Case number: ___N/A___

    3.  Approximate date warning was issued: ___N/A___

Executed on: 6-16-22
          DATE

                          (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___16th___ day of ___June___, 20 22 .
            (Day)           (month)        (year)

                          (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

Paul La'Mark Little:In Propria Persona,
Sui Juris
                    Plaintiff,
                                                    COMPLAINT

v.                                        Civil Action No. _____

Christopher A. Holman,Nicole J. Hannah,
Crystal A. Reyes,Jessica Riley,
Jennifer S. Cozby,in their individually
capacities.
                    Defendant[s]

I.
JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to
redress the deprivation,under color of state law,of rights secured
by the Constitution of the United States. The court has jurisdiction
under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks dec-
laratory pursuant to 28 U.S.C. Section 2201 and 2202.

2. The Eastern District of Texas is an appropriate venue under 28
U.S.C. Section 1391 (b)(2) because it is where the events giving
rise to this claim occurred.

II.
PLAINTIFF

3. Plaintiff,Paul La'Mark Little,is and was at all times mentioned
herein a prisoner of the State of Texas in the custody of the Texas
Department of Corrections. He is currently confined in Robertson
Unit,12071 FM 3522,in Abilene,Texas 79601.

III.
DEFENDANT[s]

4. Defendant,Christopher A. Holman is a Correctional Officer of the
Texas Department of Corrections who,at all times mentioned in this
complaint,held the rank of a Captain and was assigned to the George
Beto Unit,1391 FM 3328,Tennessee Colony,Texas 75880.

5. Defendant,Nicole J. Hannah is a substitute counsel of the Texas
Department of Corrections who,at all times mentioned in the complaint,
held the position of a Counsel Substiute for Offenders and was as-
signed to the George Beto Unit,1391 FM 3328,Tennessee Colony,Texas
75880.

1 of 16

6. Defendant,Crystal A.Reyes is a Unit Grievance Investigator of the Texas Department Corrections who,at all times mentioned: in this complaint,held the position of a Unit Investigator and was assigned to the French Robertson Unit,12071 FM 3522,Abilene,Texas 79601.

7. Defendant,Jennifer S.Cozby is the Head Warden of French Robertson Unit.She is legally responsible for the operation of French Robertson Unit,12071 FM 3522,Abilene,Texas 79601 and for the welfare of all the inmates in that prison.

8. Defendant,Jessica Riley is a Official Grievance Investigator of the Texas Department Corrections who,at all times mentioned in this complaint,held the position of a Official Grievance Investigator and was assigned to the Huntsville,Office,1060 Hwy. 190 E. Huntsville ,Texas 77342.

9 Each defendant is sued individually and in his/or her personal capacity. At all times mentioned in this complaint,each defendant acted under the color of State law.

IV.
## STATEMENT OF FACTS
Plaintiff Little incorporates all facts previously stated
and further avers as follows:

10. On June18th,2021 around 5:23PM,Location:N-wing on the George Beto Unit a murder had occurred and Beto Unit Personnel had erroneously involved fifteen inmates,while only six of the inmate(s) were confirmed,or had personally confessed to their own involvement in the murder of inmate Larkin. Nine inmate(s),including Little had been mistakenly involved into this murder due to poor investigation on behalf of the Beto Unit Personnel. The Beto's Unit investigation hasn't provided no essential or sufficient proof of any participation of the nine inmate(s),including Little who had been left to perish in Restrictive Housing due to an unbiased system with unfair TDCJ personnel(s) who disregard policies and regulations to solely achive their personal deceitful fulfillment. Little had been deprived of the least amount of due process in his entire disciplinary proceedings.

11. TDCJ Correctional Officer:Andy R.Tetteh had worked M,N,O,P keys when this incident had occurred. Officer Tetteh had deceitfully involved Little into this incident as a purposeful attempt to retaliate: against Little. Officer Tetteh had untruthfully affirmed to TDCJ Correctional Officer Lieutenant:Charles D.Marshall that he had observed the entire assault and murder of inmate Larkin,but not once had Officer Tetteh muster the least amount of an effort to intervene to preserve the life of inmate Larkin while under attack by utilizing the powerful chemical agencies into the hostile area where the assault had been occurring. The irritant substance would had been powerful enough to control any type of disobendient crowd,and would have provided inmate Larkin with the medium amount of safety by releasing this powerful substance. Officer Tetteh had admitted to obsering the homicide of inmate Larkin,but not once had Officer Tetteh attempted to immediately signal over the radio,a in distress call that would had caught the attention of all Beto Unit personnel that a significant emergency had occurred.

12. Little had been apprehended due to false allegations by Officer Tetteh,Little was escorted off N-wing where he had waited in the hallway for TDCJ Correctional Officer Captain:Ariel M. Burks,While waiting in the hallway,Little overheard TDCJ Correctional Officer: Blaise Wanngalla and Officer Tetteh arguing agmongst themselves, in their African native tonge with the TDCJ Officer:Name Unknown,who had been assigned to N-wing and it became very obvious that the Officer Officer assigned to N-wing was in disagreement with Officer Tetteh of Little's involement. The Officer assigned to N-wing had explained to Lt.Marshall that Little wasn't involved,but Officer Wanngalla keep trying to forcibly coerce the Officer assigned to N-wing to agree with Officer Tetteh's false allegations.

13. After Capt.Burks arrival,Little was escorted to the detox medical floor where he had submitted all of his clothings,including his shoes for DNA forensic testing due to false allegations by Officer Tetteh that he had witness Little stomping inmate Larkin's head multiple times with his foot and punching inmate Larkin repeatedly with his hand.

14. On June 18,2021 around 6:30PM,Little had been escorted to the Assistant Warden's Office of Beto Unit:Raleigh W. Breeden,wherefore Mr.Breeden had conducted an administrative prelimiary investigation. Little answered Mr.Breeden's questions pertaining to the incident that occurred on N-wing. During the interrogation with the OIGs, Officer Tetteh had briefly interpret the meeting by entering the room to request his witness statement he had provided to the OIGs. Officer Tetteh obtained the statement and assured the OIGs that once he had made three copies for Beto Unit documentation,he would return the statement back to the OIGs,so from that instance Little learntd Officer Tetteh would act as an eyewitness.

15. Momentarily after the interrogation ended with the OIGs,Little was escorted back to the Warden's Office where the questions continued. Little assured them that he couldn't answer their questions because he didn't know the answers to them,it was as if the Head Warden:Name Unknown,and Mr.Breeden were purposefully twisting Little's answers and their questions out of content and trying to force coercion upon Little to answer their coercive questions that would have self incriminate himself. Mr.Breeden and the Head Warden instantly begun taunting Little and intentionally making threats upon Little's life for not being compliant with their coercive questions. They each had reminded Little repeatedly that they personally knew the D.A. of Anderson County and would personally request a favor of the D.A. to seek the death penalty on Little.

V.
BETO'S DISCIPLINARY PROCESS

16. Little's procedural due process right had been violated. Beto Unit substiute counsel:Nicole J. Hannah had deprived Little of a Liberty interest to be protected by the due-process clauses of the State and Federal Constitutions. Ms.Hannah failure to be compliant with the,"Notice of Charges" process had led to the violation of Little's right to be protected with the least amount of fairness in the proceeding of Beto's disciplinary case#20210210124.

17. On Tue.June 22,2021 at 10:14AM,location:x-wing,Ms.Hannah served Little with a notice for a disciplinary violation:case#20210207585. The disciplinary violation had been graded by TDCJ Correctional Officer Major:Kilven D.Cuba. On this specific date and time(6/22/21 10:14AM),it had been well established between Little and Ms.Hannah and noted on Ms.Hannah's service/investigation work sheet the requested witnesses on N-wing by cell/bunk numbers. It had been understood that Little's request for essential information pertaining to the charge and his request of a hand written statement from the Officer assigned to N-wing would be present at his disciplinary hearing. Little had also requested a hand written statement from Officer Andy R. Tetteh to be present at the disciplinary hearing as a defense mechanism that would established a legitimate contradictory in the hearing.

18. On Wed.June 23,2021 at 10:04AM,location:x-wing,Ms.Hannah's second visit had been unexpected,Ms.Hannah advised Little that she only wanted his 2nd signature for the same disciplinary violation:case# 20210207585 that Little had been notified of on June 22,2021. Ms. Hannah had been untruthful with Little about the facts surrounding the 2nd disciplinary case,Ms.Hannah had lied and assured Little that nothing had to be requested as for as witnesses and evidence documentation,when Little had requested the video Ms.Hannah had coerced Little for the 2nd time into not requesting the video footage,and all she needed was his 2nd sigature. Ms.Hannah became irritated with Little's repeated questions surrounding the second disciplinary case. Ms.Hannah had only informed Little that the wording in the description section of the disciplinary report had been changed.

DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS HANDBOOK PROVIDE:

IV. Major Disciplinary hearing procedures before the hearing

Section:A. Notice of Charges

1.Offenders shall be served with notice of disciplinary charges at least 24 hours prior to the hearing...

Section:B.Counsel Substitutes

5.Responsibilities-Prior to the disciplinary hearing a Counsel Substitute shall:

a. Read the Disciplinary Report to the accused offender.

b. Inform the offender of the offender's rights and ensure that the offender understands these rights. Explain the Disciplinary Report and ensure that the offender understands the charges.

c. Obtain the accused offender's statement concerning the disciplinary charges as to exactly what took place.

d. Obtain the names of employees and offenders whom the accused wishes to call as witnesses.

   (1)  Interview all witnesses prior to the hearing.

   (2)  For those witnesses not able to appear at the hearing

(e.g.,an offender or an officer who has been trans-
ferred to another unit),obtain written statements
that can be given to the DHO at the hearing.

(3) Inform the DHO of any change in the list of witnesses
requested.

e. Obtain any documentary evidence relevant to the case that
is not already in the possession of the accused offender
(e.g.,medical records).

Section:C. Time Limits provide,in part:

1. Offenders shall be verbally notified of the time and place
of the hearing at least 24 hours in advance of the hearing...

19. On Fri.June 25,2021 Ms.Hannah failure to provide Little with a
formal notice of disciplinary charge/case#20210210124 and a fair
notice of opportunity to gather witnesses in Little's defense and
to present documentary evidence within 24 hours prior to the hearing
had deprived Little of a fairly disciplinary process.Little learnt
about this newly third altered disciplinary case while attending the
hearing. This newly altered case had been graded by another TDCJ
Correctional Officer Major:Amanda Strickland. Before the hearing had
begun Little had confusingly tried to voice his opinion to Ms.Hannah
that his rights were being violated,but Ms.Hannah had roguishly
disregarded Little's right to a fair disciplinary hearing. Ms.Hannah
had not only intentionally neglected Little's fair opportunity at
a reasonable hearing,but ALL fifteen inmate(s) right to a fair hear-
ing as a convenient to purposely conserve time and end all possibil-
ities of Ms.Hannah conducting an extensive investigation of fifteen
individual(s) defending themselves would exceed beyond Beto's gri-
evance office deadline to process ALL fifteen case(s) before Monday
June 28th,2021.

20. While attending the hearing the DHO:Capt.Holman had been reading
off the major disciplinary hearing script into the tape recorder,
once Capt.Holman had arrived at the admonition stage of the disci-
plinary hearing where he had asked Little,"Did you receive a copy of
the charges by counsel substitute:Nicole J. Hannah." Little had begun
to specify on the tape recorder how Ms.Hannah had presented several
disciplinary infractions on different occasions,the DHO:Capt.Holman
had immediately cut the recorder off in the middle of Little's att-
empt to state that his rights are being violated. The DHO:Capt.Holman
had reset the recorder and reassured Little that if he had made any
effort to try that again he would stop the hearing and would excuse
Little from the hearing for posing a threat towards Sgt.Eason who
had been present at the disciplinary hearing.

21. Little's disciplinary proceeding held on the 25th of June and
overseen by TDCJ Correctional Officer:Captain:Christopher A. Holman
as the hearing examiner and TDCJ Correctional Officer Sergeant:Daryl
W. Eason as the charging Officer. Sgt.Eason had been erroneously
named as the charging Officer in this infraction,because Sgt.Eason
is someone who had not witness the murder of inmate Larkin,or poss-
ess first hand knowledge of this incident.

22. Upon information and belief,Sgt.Eason wasn't on duly or on the Beto's Unit premises when this incident had occurred.

23. Sgt,Eason's involvement as a witness/charging Officer to this infraction aren't compliant with TDCJ policy when reporting infractions.

TDCJ DISCIPLINARY AND PROCEDURES HANDBOOK PROVIDE,in part:

I.General Procedures-(A) Reporting Infractions,states:"When a TDCJ employee witness or has knowledge of any act by an offender that is in violation of rules and regulation... The offense Report shall be written by someone who has direct knowledge of the incident."

24. Little's only afforded opportunity in this hearing was the questioning of Sgt.Eason as the charging officer,who is someone who lacks direct knowledge of this incident. Sgt.Eason's reply to LIttle's questions and Sgt.Eason's testimony at the hearing wasn't accuate or sufficient for Capt.Holman to find Little guilt. When Little questioned Sgt.Eason on how he became a suspect in this incident and how had Sgt.Eason identified Little and individually single him out of the one-hundred and ninty-five(195) inmate(s) that were crowded and scattered all over N-wing row(s) all at the same time. Sgt.Eason's reply was:"I identified inmate Little through the TDCJ.com website."

25. Little aver that for the past three years under the custody of Beto Unit. Little has never had any frequently continuous contact with Sgt.Eason that would reassure Sgt.Eason's capability to personally single out Little through the video footage by name and facial features. Sgt.Eason's misinterpretation on how he had identified Little without personally knowing Little thru a TDCJ.com website without direct knowledge would become a very difficult and extensive task.

26. The DHO:Capt.Holman verbally read into the disciplinary hearing recorder a IOC from Beto's staff stating how Beto's staff had reviewed each accuser in the video surveillance as inmate Larkin's assaulter. DHO:Capt.Holman stated:"The IOC from staff states that Little struck inmate Larkin once with a closed fist."

Recorder info: 6/25/21•Time 4:10PM•Unit Beto•Folder A • File:089 DS File:247740

27. The DHO:Capt.Holman had ignored all of Little's right to present at the hearing witnesses and documentary evidence. Capt.Holman had purposely allowed Ms.Hannah to intentionally sabotage Little's chances at defending himself solely as a favorable advantage on behalf of the Beto's unit grievance office. Ms.Hannah purposely disregarded Little's essential needs to obtain witnesses and documentary evidence that which he had requested on June 22nd,2021 to be present at the hearing. Capt.Holman had excluded and denied Little's cross examination of his accuser:Andy R. Tetteh. Capt.Holman verbally expressed to Little that his Office was under pressure to swiftly process all fifteen case(s) that Friday,even if it forced Capt.Holman to stay after 10:00 PM that Friday evening. This mischievous and forceful practice was

convenient and very beneficial on the behalf of Beto's disciplinary office,because that following Monday (6/28/21),Huntsville had begun shipping all fifteen inmate(s). This ridiculous act had effected many innocent people to be placed into Restrictive Housing and label as murderous offenders who are no longer a concern for the OIGs,or under investigation by the Anderson's County D.A. Office for Capital Murder.

28. On the 8th of July,2021 all of Little's personal belongings were returned to him,and on July 9,2021 Little had been shipped off Beto Unit.

29. On July 12,2021 Little had arrived at the Robertson Unit Restrictive Housing,and on the next day,July 13,2021 Little had been present at a U.C.C. Committee hearing where he'll learn that the former Asst. Warden of Beto Unit:Raleigh W. Breeden was now present at the Robertson Unit Agg.Seg. hearing as the current Assistant Warden for the Robertson Unit. On July 16,2021 Little will learn through two TDCJ employee(s),who were escorting Little to the showers that Asst. Warden Mr.Breeden had been previously a major for 12 Bldg. Agg.Seg. for several years before Mr.Breeden's promotion to Asst.Warden,the two officer(s) also joked amongst themselves that Little had been the cause behind Mr.Breeden return to Robertson Unit.

VI.
ROBERTSON UNIT DISCIPLINARY APPEAL PROCESS

30. On July 30,2021 Robertson Unit grievance office begun the 30 day investigation for the procedural due process violation Little had raised in his grievance appeal for Beto's Unit disciplinary case# 20210210124. The initial 30 day investigation deadline for the Beto Unit disciplinary appeal was Aug. 28,2021.

31. On Aug.27,2021 Robertson Unit grievance officer:Crystal A.Reyes had notified Little thru the Unit mailing system of a notice for an additional 30 day extension to complete the investigation of Little's allegations that a procedural due process error occurred in Beto's Unit disciplinary case#20210210124. The original initiative 30 day investigation appeal deadline had ended on the 28th of Aug.,and had been intended to start on the 29th of Aug. for an additional 30 days to the 27th of Sept.,2021 with the proper notice of extension by grievance officer:Ms.Reyes.

32. As of Sept.27,2021 Ms.Reyes ability to legitimately prolong the investigation and act within TDCJ policies for completion of the Beto's Unit appeal on disciplinary case#20210210124 had officially ended on the 27th of Sept. and according to TDCJ policies:AD-03.82, "MANAGEMENT OF OFFENDER GRIEVANCES." There is only one formal 30 day initial investigative disciplinary appeal process with only one legitimate optional choice to extend the initial investigation appeal process for an additional 30 days. Sept.27th,2021 tallied a total of 60 day(s) finalizing the deadline for the investigation in Little's allegations that a procedural due process error had occurred in Beto's Unit disciplinary hearing.

33. TDCJ policies AD-03.82:"MANAGEMENT OF OFFENDER GRIEVANCES." Only
allows two separately "30 day" investigative processes for any dis-
ciplinary appeal(s). Robertson Unit grievance officer:Ms.Reyes had
begun Little's disciplinary investigation on July 30,2021.

AD-03.82 PROVIDES,30 CALENDAR DAYS

Section:B. Step-1 Grievance provide:
Clause five states:"Grievances concerning the outcome of a
disciplinary hearing shall be processed within 30 calendar
days of receipt from the offender."

Due to the month of July having 31 days,subtract 2 days
from July 30th will extend to the 28th day of August,2021.

Ms.Reyes notified Little on the 27th of Aug. of a 30day extension.

The 30day extension begun on the 29th of Aug.,and due to the
month of August having 31 days,subtract 2days from August 29th
will extend to the 27th of September,2021.

34. From July 30th throughout Sept.27th,2021 Little had been only
notified of one 30day extension by Ms.Reyes as an effort to complete
the investigation. Little had never been informed by Ms.Reyes that
he had successfully overturned Beto's Unit disciplinary case#2021-
0210124.

35. Little allege the fact that the Beto's Unit case had been over-
turned on a step-1 Unit level will sufficiently prove Little's
allegations that an procedural due process error had occurred in the
Beto's grievance office:DHO:Capt.Holman,Sub.Counsel:Ms.Hannah and
Sgt.Eason disciplinary hearing case#20210210124 had lawfully deprived
Little of an essential due process right and also shows that the
proceeding had been so erroneous that disciplinary case#20210210124
had been overturned on a rarest unit level,which are very uncommon,
due to the unit level grievance office will only process the discip-
linary appeal proceedings and would hardly ever overturn a case unless
a serious neglect had occurred that would command and force the hands
of the grievance office to overturn a case. Otherwise the unit level
grievance office would mostly leave the obligation to overturn a
case to the Huntsville Grievance Office division. This overturned
error should warrant the courts to diligently exploit this error.

36. Little had provided Ms.Reyes with enough information in his
step-1 grievance that Beto Unit disciplinary hearing had deprived
him of a Liberty Interest,but when Ms.Reyes had personally chose
to aid Christopher A.Holman and Nicole J.Hannah of Beto Unit in the
deprivation of Little's Liberty Interest when she had overturned
Beto's disciplinary case. Ms.Reyes failure to acknowledge Little's
allegation of a procedural due process error occurred in his hearing
had truly shown her indifference towards Little's right to a fair
disciplinary hearing,while processing the overturned Beto case.
Ms.Reyes actions were malice and damaging when she had disregarded
Little's grievance for allegations that a procedural due process
error had occurred in the Beto hearing case,Ms.Reyes intentionally
altered the extension date to mislead the investigation as a purpo-
seful plot for the rewriting of case#20220039208 to purposely cover

up Little's allegation that a procedural due process error had occurred
in the overturned disciplinary case#20210210124.

37. Robertson Unit Investigator:Ms.Reyes had completely neglected
the compliance of her investigation office policies and to resolve
Little's grievance for his complaint that a procedural error had
existed in the Beto Unit hearing on June 25th,2021. Between the
months of July 30th to Sept. 27th,2021 Ms.Reyes had failed to ack-
nowledge Little's allegations of procedural due process error and
to instantly report the complete investigation of Little's unfair
disciplinary hearing with the Head Warden of Robertson Unit:Jennifer
S.Cozby to immediately release Little from the wrongful Restrictive
Housing status due to an unfair and unfixable disciplinary process
held by the George Beto Unit.

38. On Oct.21,2021 Ms.Reyes failure to resolve Little's allegations
for procedural due process errors,had instead altered the investi-
gation extension date in grievance#2021143160 and them presented this
erroneous completion of an investigation to the Head Warden:Ms.Cozby
for her authorized signature,as Ms.Cozby reviewed Little's grievance
for errors occurring in the Beto Unit hearing. Through Ms.Cozby's
signature and her acknowledgement that Little had been deprived of
a rightful Liberty at the Beto Unit would cause Little double the
damage thur her signature when Ms.Cozby had failed to resolve Little's
disciplinary error,but perferably authorized the rewriting of dis-
ciplinary case#20220039208 as a purposeful motive to collude with
Ms.Reyes to conspire against Little and cover up the damage Nicole J.
Hannah and Christopher A.Holman had caused to Little's right to a
fair hearing. Ms.Cozby also lost discretion to authorize the rewrit-
ing of disciplinary case#20220039208 after Sept.27th,2021.

39. On October 26,2021 TDCJ Correctional Officer Sergeant:BillyJack
W.McCutchen of the Robertson Unit had notified Little of a written
report for a TDCJ violation,this violation had been the same written
report by Sgt.Eason of Beto Unit that had been served to Little again
for the third time and on Oct.28th,2021 Robertson's Unit Substitute
Counsel:Mollie F.Burnham had notified Little of the fourth discipli-
nary infraction. This newly and fourth disciplinary infraction had
been rewritten by Robertson Unit and graded by TDCJ Correctional
Officer Captain:Michael G.Wyatt of the Robertson Unit. Beto's case
had been overturned due to insufficient evidence and procedural due
process error(s). The Sub.Counsel:Ms.Burnham who had been appoint
to Little at the Robertson Unit,mention to him that it would be
impossible for her to gaather any witnesses from the Beto Unit due to
inmate(s) being shipped,or just rehoused around Beto Unit. Little
had only knew of the inmate(s) that would act as a witness on his
behalf by cell numbers and Little didn't know the TDCJ Officer by
name who had been assigned to N-wing on June 18th,2021. Little had
been completely defenseless at the rehearing of disciplinary case#
20220039208.

9 of 16

40. On the 28th of Octber the rewritten disciplinary case#20220039208 had been erroneously held by Robertson Unit TDCJ Correctional Officer: Myisha S.Taylor who had been supervised by TDCJ Correctional Officer: Ricky A.Villanueva. This erroneous rehearing violates TDCJ:"GR-106 DISCIPLINARY RULES AND PROCEDURES" on the rehearing process. The rehearing wasn't held within the established TDCJ disciplinary procedural time frame for processing a rehearing upon the warden's discretion on overturned case(s).

   TDCJ GR-106 DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS HANDBOOK PROVIDES,IN PART:

On page 25 Section(A):Applicability,states:"A rehearing may not be conducted on an overturned conviction for which a offender did not receive either notice of charges or a disciplinary within in the established time limits."

On page 25 Section(B):Time Limit,states:"Notice of charges for a rehearing shall be served within 30 days from the date the appeal was granted,unless an extension is properly obtained."

41. The Robertson Unit grievance officer:Ms.Reyes had from the month of July 30th,2021 throughout the August extension to the month of September 27th,2021 deadline(60 complete days),and only within these 60day(s) from July30th to September 27th,2021 could the Robertson Unit grievance officer:Ms.Reyes grant the appeal within these 60days and overturn Beto's disciplinary case#20210210124 and run the rehearing within the months from July 30th to September 27th,2021 established time limits.

42. During the hearing Sgt,Eason had for the second time provide false information relating to the incident that occurred June18, 2021. Sgt.Eason's statement that had been recorded June 25th,2021 at 4:10PM on folder A/file 089/DSfile 247740 will evidently contradict Sgt.Eason's most recently given testimony recorded on Oct.28th, 2021 at 3:29PM on Folder A/file 160/DSfile 243/520,as to what Sgt. Eason had witness on the video surveillance of the incident.

43. On Oct.28,2021 Sgt.Eason had intentionally altered his second testimony as to how he had identified Little's identity thru a TDCJ .com website. On June 25,2021 Sgt.Eason's statement during the hearing at the Beto Unit was that he had used a TDCJ.com site to make out Little's identity. On Oct.28,2021 Sgt.Eason had changed his false allegations that TDCJ Correctional Officer Lieutenant:Shon E.McGee possessed personal knowledge of Little and had provided this info to Sgt.Eason to assist him on identifying Little. Sgt.Eason's June 25th,2021 testimony had changed as to how he had witnessed Little strike inmate Larkin once with a closed fist. On Oct.28,2021 Sgt.Eason had altered his 2nd testimony to state that he had witness Little punching inmate Larkin multiple times and stomping inmate Larkin repeatly with his foot,but when Little had challenged Sgt. Eason's newly and altered false allegations as to exactly which hand ,or foot had Little used to assault inmate Larkin,Sgt.Eason's response was that:"He couldn't recall which hand or foot had Little used." but its so confusing to Little on how Sgt.Eason could have a vivid recollection of his participation but could not provide a accurate statement on how Little participated in the assault.

44. On Nov.1st,2021 the investigative grievance#2021143160/Beto's disciplinary case#20210210124 had been returned to Little after Robertson Unit erroneous decision to cover up Little's procedural due process error with the rewriting of disciplinary case#20220039208,which had been erroneously conducted on Oct.28th,2021. While observing the step-1 appeal and reading the investigation response, Little had notice that the investigation extension date had been purposely altered,the extension notice Little posses clearly specify that Ms.Reyes notified Little of an extension on Aug.27th,2021 <u>NOT</u> Sept.28th,2021.

45. Ms.Reyes intentional motive had been to cover up and disregard Little's due process error had ever existed,Ms.Reyes opt to rewrite and overturn Beto's disciplinary case#20210210124/Grievance#2021143160 3160 and Warden Cozby's alternative choice to aid Ms.Reyes's endeavor to cover up Little's unfair disciplinary hearing,when Ms.Cozby acted outside of her own authority to erroneously approve of the conducting of Robertson Unit rewriting disciplinary case#20220039208 when Beto's case#20210210124 had erroneously been granted and overturned in the month of October 2021 wasn't within the 30day established time frame. The Sept.28th,2021 extension date on grievance# 2021143160 for the Beto's disciplinary appeal had been purposely altered twice,the Oct.28th,2021 date to return back to Little had been crossed out and  restamped with a Nov.1st,2021 date to return back to Little by Ms.Reyes to purposely extend the day(s) for a non-existent 35days from Sept.28th,2021 to Nov.1st,2021 as a mischievous cover up for the unfair disciplinary hearing conducted by: Christopher A.Holman and Nicole J.Hannah who had deprived Little of a rightful protection. Warden Cozby's approval to conduct the rehearing had been truly outside of her discretion and had caused Little to become subject to being convicted twice for the same offence("double jeopardy").

46. TDCJ disciplinary rules and procedures regarding appeal(s) establishes that a disciplinary case could be overturned and only be reheard within the initial 30day investigation,unless an extension is properly obtained. Little's appeal investigation for disciplinary case#20210210124 had begun July 30th,2021 and had been extended on Aug.29th,2021 throughout Sept.27th,2021 marking the 27th of September the deadline in the investigation for disciplinary case#2021-0210124. After September 27th,2021 deadline Warden Cozby had lost discretion to proceed with disciplinary case#20220039208 in the month of October 2021. Warden Cozby's actions are very erroneous and violates TDCJ procedural policies.

ADMINISTRATION DIRECTIVE POLICY AD-03.82 PROVIDE,INPART:

Section:(B) <u>Step-1</u> Grievance-Processed at the unit level

Clause five state:"Grievances concerning the outcome of a disciplinary hearing shall be processed within 30 calendar days of receipt from the offender."

47. TDCJ disciplinary rules and policies doesn't permit disciplinary case#20210210124 initial appeal investigation,or appeal extension to exceed beyond 30 calendar days. Robertson Unit grievance officer: Crystal A.Reyes had intentionally altered the Aug.29th,2021 extension date to the 28th of Sept.,as a purposeful plot to mislead and prolong grievance#2021143160 for a total of ninety-five day(s). There are only three type of extension(s):

        a. One 30day extension for disciplinary investigation appeal(s).

        b. One 40day extension for a typical unit investigative complaint (Non-Medical,or Disciplinary related).

        c. One 45day extension for medical investigation(s).

These three extension(s) are in accordance with the procedures outlined in BP-03.77,"OFFENDER GRIEVANCES." and AD-03.82 ,"MANAGEMENT OF OFFENDER GRIEVANCES." All three of these different type of extension(s) are formal notification(s) to Offenders to notify them that an additional time is necessary to complete the investigation.

ADMINISTRATION DIRECTIVE POLICY AD-03.82 PROVIDE,IN PART:

    Step-2 Grievance-Appeal of the step-1 decisions

Clause four states:"Grievance staff shall have 30 calendar days from receipt of the I-128 to investigate,respond,sign and return a disciplinary appeal to the Offender."

48. On Nov.8th,2021 Little had filed a step-1 grievance#2022027160 appeal and addressed Robertson Unit erroneous decision on the rewritten disciplinary case#20220039208. Little had addressed all TDCJ disciplinary violations regarding how Ms.Reyes handled the entire appeal process and her intention to alter the extension date and Sgt.Eason's omitting of the facts surrounding the incident that occurred June 18th,2021. Little had also raised the issue about Warden Cozby's erroneous approval to rewrite a case which had been held outside TDCJ policy guidelines

49. On Nov.10th,2021 Little had filed a step-2 grievance#2021143160 appeal to the Huntsville Grievance Office addressing the several TDCJ policies and procedural due process error(s) surrounding the Beto Unit disciplinary office sabotaging disciplinary case#2021021-0124 and the denying of Little's due process rights.

50. On Nov.15th,2021 Huntsville Grievance Investigator:Jessica Riley had received Little's step-2 grievance#2021143160 appeal to investigate the Beto Unit disciplinary case#20210210124. Ms.Riley had till Dec.14,2021,30 calendar day(s) to investigate the Beto Unit disciplinary matter with an obligation to forward a response to Little of the results of the investigation within 30 calendar days before Dec.14,2021,or extend the investigation for an additional 30 calendar day(s) to complete the investigation.

51. On Nov.22nd,2021 Little's step-1 grievance#2022027160 had been immediately returned back to him with the finished results of the complete investigation addressing Robertson Unit erroneous decis- ion to rewrite disciplinary case#20220039208 outside of the policy time frame.

Grievance#2022027160 Response:   "Your complaint has been investigated and reviewed. There is only one 30day extension given for disciplinary grievances. GV#2021143160 was closed outside of time frame due to exigent circumstances. All efforts were made to properly complete the grievance within policy guidelines. No further action warranted.

52. Ms.Reyes has blatantly shown illicit intent when she had intent- ionally stated on the grievance response to the investigation for grievance#2021143160 was closed outside of the time frame due to exigent circumstances. Ms.Reyes had intentionally altered the exten- sion date. This type of underhanded attempt shows all efforts on behalf of Ms.Reyes into this investigation were not made to properly complete Little's grievamce within AD-03.82 policy guidelines and no exigent circumstances could had existed with Ms.Reyes intent to purposely alter the extension date to mislead and prolong the invest- igation solely to conduct a erroneously rehearing of Robertson Unit falsified disciplinary case#20220039208.

**53. On Nov.30th,2021** Little had filed a step-2 grievance#2022027160 appeal to Huntsville Grievance Office addressing the entire proced- ural error(s) surrounding the process to rewrite disciplinary case# 20220039208 and Ms.Reyes intent to alter the extension date to pur- posefully mislead the entire investigation process to solely conduct disciplinary case#20220039208.

54. On Dec.6th,2021 Huntsville Grievance Investigator:Jessica Riley had received Little's step-2 grievance#2022027160 appeal to invest- igate the erroneously rewritten disciplinary case that took place outside of the policy time frame. Ms.Riley had till January 4th, 2022,30 calendar day(s) to investigate the rewritten case error with an obligation to forward a response to Little of the results of the investigation within 30 calendar days before Jan.4th,2022,or extend the investigation for an additional 30 calendar day(s) to complete the investigation.

55. In the month of December 2021,Ms.Riley had been more than 30days into the grievance#2021143160 investigation and well familar with Little's allegations against:Christopher A.Holman,Nicole J.Hannah, Crystal A.Reyes and Jennifer S.Cozby for the cover up and damage to Little's deprived right to a fair disciplinary hearing at the Geo- rge Beto Unit.

56. On Wed.December 8th,2021 Huntsville Grievance Investigator: Jessica Riley had notified Little of an additional 30day extension notice to complete the grievance#2021143160 appeal for Little's allegations of being deprived of a procedural due process right and the unfair disciplinary hearing conducted by:Christopher A. Holman and Nicole J.Hannah. This notice had extended the Dec.14th, 2021 deadline date to January 13th,2022.

57. In the month of January 2022 Little received a non-response to grievance#2022027160,which had been due on the 4th of Jan.2022. Little had wrote a formal letter on Jan.3rd,2022 to the Central Grievance Office with concerns of the outcome of the investigation. Little had informed the Grievance Office that he had not received a notice of a extension in due course to the Jan.4th,2022 deadline for the investigation for grievance#2022027160/case#20220039208. The Central Grievance Office had allowed several weeks to pass and no effort had been made to respond to Little's formal letter or his grievance process.

58. As Jan.13,2022 had approached Little had received a non-response for the process of both of his grievance(s). Huntsville Investigator: Ms.Riley had failed to be compliant within AD-03.82 due process policy for,"MANAGEMENT OF OFFENDER GRIEVANCES" guidelines. Ms.Riley had failed to reply within 30 calendar days concerning the error(s) raised surrounding Beto Unit hearing and Robertson Unit erroneous decision to rewrite another disciplinary against Little.

59. On Jan.13th,2022 Little had wrote a formal letter certified mail to Ms.Riley concerning the outcome of the investigation for griev- ance#2021143160/disciplinary case#20210210124 ,which had exceed beyond 60 calendar day(s) and without affording Little with a res- ponse within the procedural 60 calendar day(s).

    Ms.Riley had also allowed Little's second grievance#2022027160 /Robertson Unit disciplinary case#20220039208 to exceed beyond 30 calendar day(s) as of Jan.13th,2022,which had been due Jan.4th,2022 and beyond 30 calendar day(s) without a notice of an extension.

60. On Jan.20th,2022 Ms.Riley had replied to grievance#2022027160/ disciplinary case#20220039208 seventeen day(s) after the Jan.4th, 2022 deadline and without an extension. Ms.Riley failure to ackno- wledge Little's procedural due process error(s) he had raised in his grievance(s) and correct the error(s) by releasing Little from Restrictive Housing for the several TDCJ violations and omitting of the extension date,which is too obvious that Ms.Reyes intent was to solely harm and sabotage Little's right to a fair disci- plinary process.

61. On Jan.26th,2022 Little had to write a second certified mail letter to obtain the second grievance#2021143160/Beto's case#2021- 0210124 appeal which had been due Jan.13th,2022. On Feb.11th,2022 Ms.Riley had replied to the investigation thirty day(s) after the Jan.13th,2022 deadline,Ms.Riley had disregard Little's process rights and the entire AD-03.82 and BP-03.77 due process policies.

62. Ms.Riley had handled Little's entire grievance appeal process in a mischievous way that had clearly damaged Little's plea to be released from the wrongful Restrictive Housing status due to Little being deprived of a right to be notified of a new charge within 24 hours prior to the June25th,2021 hearing,which had solely caused Little to become a repetitive victim twice within this entire disciplinary process from Beto to Robertson Unit. First Little had had been deprived of a right to be notified of the newly altered charge#20210210124,which had clearly deprived Little of a due process right,then after Little had proved that charge#20210210124 had deprived him. The second damage occurred when Crystal A.Reyes had purposefully altered grievance#2021143160 and colluded with Jennifer S.Cozby to ignore their own TDCJ rehearing policies,and then authorized the rewriting of disciplinary case#20220039208,as a cover up to Little's plea of a deprived right.

63. Ms.Riley's position as an official inquirer into this investigation had reviewed Little's grievance and had become well knowledgeable of Little's damage right,due to two unfair disciplinary hearing(s),but instead of correcting the error(s),Ms.Riley had participated in the cover up of Little's plea of a deprived right when Ms.Riley had condoned the collusion of Crystal A.Reyes and Jennifer S.Cozby to rewrite a void charge#20220039208 against Little which is clearly done outside of the TDCJ policy time frame.

64. Little had been purposely targeted in this murder of inmate Larkin without consideration that none of inmate Larkin's DNA had been found under Little's shoes or on his clothing,or without no cuts,scrapes,and bruises recorded by the OIGs on Beto Unit when they had examined the top of Little's hands or his palms.

65. Beto Unit personnel are hiding the fact that Office Tetteh had purposely retaliated against Little for filing past staff complaints. Little past dealings with Officer Tetteh had been offensive statements toward him for filing complaints against what Officer Tetteh would have refer to as his African brothers. Beto personnel are also hiding the fact that Officer Tetteh had committed an offense with the intent to mislead the entire investigation with his false written statement that had became evidence to a criminal murder investigation. Officer Tetteh had lied to a Federal investigator investigating a Capital Murder with intent to fabricate Little's involvement. Little's gang affiliation had been incorrectly used to link all fifteen inmate(s) as,"BLOODS." The man that had admitted to the murder of inmate Larkin's is a white caucasian man who has no affiliation to Little.

## VII.
### LEGAL CLAIMS

66. Little had been deprived of an essential Liberty interest;a right to be properly notified of charges and call witness on his behalf. The defendant[s] had conducted two disciplinary case(s) without necessary procedural protection and their outrightness to disregard Little with the least amount of due process had violated plaintiff:Paul La'Mark Little rights and constituted a Procedural due process violation under the due process clause of the Fourteenth Amendment to the United States Constitution.

67. The plaintiff has no plain,adequate,or complete remedy at law
to redress the wrongs described herein. Plaintiff had been and will
continue to be irreparably injured by the conduct of the defendant[s]
unless this court grants the declaratory relief which plaintiff seek.

VIII.
PRAYER FOR RELIEF

WHEREFORE,plaintiff respectfully prays that this court enter judg-
ment granting plaintiff:

68. A declaration that the acts and omissions described herein
violated plaintiff's right under the Constitution and laws of
the United States.

69. Plaintiff seek nominal damages and punitive damages in the
amount of $30,000. Plaintiff Litte seeks these damages against
each defendant,jointly and severally

70. A jury trial on all issues triable by jury

71. Plaintiff's cost in this suit

72. Any additional relief this court deems just,proper,and equitable.

Dated: 6-16-2022

Respectfully Submitted,

Paul La'Mark Little
Robertson Unit
12071 FM 3522
Abilene,Texas 79601

VERIFICATION

I have read the foregoing complaint and hereby verify that the
matters alleged therein are true,except as to matters alleged on
information and belief,and as to those,I believe them to be true
and correct.

Executed at Abilene,Texas on date: 6-16-22

Without Prejudice/Without Recourse

BY Paul La'Mark Little

16 of 16