IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL La'MARK LITTLE, #01769422 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv230 |
| CHRISTOPHER HOLMAN, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Paul La'Mark Little, a prisoner confined at the Robertson Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Little's motion for a temporary restraining order, (Dkt. #10). For reasons explained below, the Court recommends that the motion be denied.

**I. Plaintiff Little's Motion**

Little explains that there is a reasonable likelihood that he will prevail on the merits because he has "been receiving indirect harassment and retaliation by the Robertson Unit staff or the use of the court system." He claims that the Warden has denied him his right to access the Court because she "refused the process to pay a court payment" by refusing to sign his withdrawal form for the $402.00 payment to this Court. Little references how he filed a habeas petition in a different district in March 2022, and notes that since he filed his petition, he has "been experiencing difficulties with the process of advancing his 1983 suit," (Dkt. #10, pg. 1).

1

Furthermore, Little explains that while he was denied access to courts, he remained in restrictive housing for a capital disciplinary case. A prison officer approached his cell to offer him the ability to participate in GRAD (a program to exist restrictive housing), to which Little accepted and had been placed in the shower area while prison officials "ransacked" his cell in search of gang paraphernalia. His legal materials were scattered all over the floor and walked on. Little explains that he was placed on the transfer list for the program, he was only given one bag of his property—which did not include his legal materials and books.

Little maintains that there "is a substantial threat of irreparable damage to Little's process to progress with his 1983 suit or the ability to hinder Little's timely response to his pending 2254 petition" if his motion is not granted. He insists that prison officials "will continue to deny Little access to court and the staff of Robertson unit indirect harassment and retaliations [sic] with intent to interfere with Little's right to petition the court," (Dkt. #10, pg. 2). He seeks a Court order directing the Warden and "all persons acting in concert" to provide him with access to the court and to cease all unnecessary retaliation.

**II. Legal Standards**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

**III. Discussion and Analysis**

Little's motion for a temporary restraining order/preliminary injunction should be denied. The docket reflects that the Court received Little's $402.00 filing fee on October 25, 2022. Little therefore cannot show that a substantial threat exists that irreparable harm will result if the injunction is not granted.

Moreover, Little's lawsuit concerns his various claims that his due process rights were violated through several prison disciplinary proceedings. None of his claims concern the alleged violation of his right to access the Court or retaliation. In other words, Little is improperly attempting to obtain a temporary restraining order based on claims—access to courts through

3

prison officials' alleged failure to process his filing fee and retaliation—that are wholly unrelated to his underlying complaint. *See, e.g.*, *Booker v. McDuffie*, 2019 WL 3937225 *2 (N.D. Tex. July 22, 2019) (unpublished) ("Although the Fifth Circuit Court of Appeals has not specifically addressed the issue, district courts within this circuit have found that a request for a preliminary injunction must also be based on allegations related to the claims in the complaint.") (internal citations omitted); *Omega World Travel Inc. v. Trans. World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (explaining that the purpose of a TRO is to protect the movant, during pendency of the action, from being harmed or further harmed in the manner in which he argues that he was or will be harmed through the illegality alleged in the complaint).

Little has shown no connection between his claims regarding access to the court and retaliation and his previous disciplinary cases. His motion should be denied. Moreover, as his request for a court order directing prison officials to process his payment is now moot given the submission of his filing fee, the motion should be denied.

RECOMMENDATION

Accordingly, it is recommended that Plaintiff Little's motion for a preliminary injunction, (Dkt. #10), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 18th day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE