UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00230

**Paul La'Mark Little,**
*Plaintiff,*

v.

**Christopher A. Holman et al.,**
*Defendants.*

# ORDER

Plaintiff Paul La'Mark Little, an inmate confined in the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil-rights lawsuit concerning prison disciplinary proceedings. This case was referred to United States Magistrate Judge John D. Love.

On December 2, 2022, the magistrate judge issued a report (Doc. 19) recommending that plaintiff's lawsuit be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Plaintiff filed timely objections. Doc. 22. In his objections, plaintiff sought to amend his pleading from "a[n] erroneous procedural due process violation to a more suitable substantive due process violation" that would remove his claims "concerning a[n] ineligible protected liberty interest." *Id.*

The magistrate judge then issued an order (Doc. 23) permitting plaintiff to amend his claims as requested. Plaintiff's amended complaint (Doc. 26) is now before the court. Much like his initial complaint, plaintiff complains of several prison disciplinary infractions against him. He argues that he was falsely accused of a prison murder, was not notified of the charges or a hearing, and that prison officials "altered several offense reports." Plaintiff argues that prison officials violated his due-process rights by placing him in restrictive housing because of the disciplinary infractions.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Plaintiff's objections will be overruled, and his amended complaint fares no better. He has not identified the denial of a protected liberty interest stemming from any prison action. *See Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). Because the prison administrative decisions complained-of do not create protected liberty interests—and plaintiff is ineligible for mandatory supervision under Texas law—due process considerations are not triggered. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Plaintiff's placement in restrictive housing, without more, is insufficient to implicate constitutional concerns. Further, prison officials' purported failure to follow their own rules or policies is similarly insufficient to state a civil-rights claim. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Having reviewed the magistrate judge's report de novo, the court accepts the findings and recommendations. Plaintiff's objections are overruled. Doc. 22. Plaintiff's lawsuit is dismissed with prejudice for the failure to state a claim upon which relief may be granted. All pending motions are denied.

*So ordered by the court on March 21, 2023.*

J. CAMPBELL BARKER
United States District Judge